UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| **DANIEL-JAY DAGANTE MAHONE** <br> **FED. REG. # 7400-003** <br> **VS.** <br><br> **J.P. YOUNG** | **CIVIL ACTION NO. 2:10-cv-473** <br><br> **SECTION P** <br><br> **JUDGE TRIMBLE** <br><br> **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* petitioner Daniel-Jay Dagante Mahone, proceeding *in forma pauperis*, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2241. Petitioner is a Lewisburg, Pennsylvania inmate who is in the custody of the Federal Bureau of Prisons (BOP). When he filed this suit, he was incarcerated at the Federal Correctional Institute, Oakdale, Louisiana (FCI-O). He names FCI-O warden Joseph Young as his defendant.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.[1]

### *Background*

Petitioner filed this petition [Doc. 1] on March 9, 2010. Petitioner contends he has been subjected to cruel and unusual punishment, denied due process, and denied equal protection. (Doc. 1). More specifically he complains that his May 21, 2009, placement in the special management unit (SMU) is a violation of his due process rights as it subjects him to undue and

---

[1] The petitioner was indicted for armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and with using a carrying a firearm during and in relation to a crime of violence in violation of 18 U.S .C. § 924(c)(1)(a). He pleaded guilty to both counts and was sentenced to 68 months for bank robbery and 120 months for the firearm charge, with the sentences to run consecutively.

significant hardships and because the respondent deviated from the procedural guidelines, including the failure to give him a meaningful review before placing him in long term disciplinary confinement. *Id.* He further complains that the reasons for his placement in restrictive housing are the same reasons for which he has already been punished by the BOP. *Id.* Finally, petitioner states that he has been subjected to discrimination/denied equal protection as similarly situated inmates were not given the same treatment. *Id.* He does not state the relief that he is seeking as a result of the above.

*Law and Analysis*

A prisoner cannot use a civil rights action to challenge the fact or duration of his confinement, he must seek federal habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005). The writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833, 36 L.Ed.,2d 439 (1973); *Cook v. TDCJ Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994). On the other hand, a civil rights action is an appropriate remedy for recovering damages resulting from illegal administrative procedures. *Richardson v. Fleming*, 651 F.2d 366, 372 (5th Cir.1981).

To determine whether a prisoner must pursue habeas corpus relief rather than a civil rights action, the court must determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement. *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir.1987). Here, petitioner's claims implicate the conditions of his confinement rather than the fact or duration of his confinement.[2] Petitioner is

---

[2] Of course, if petitioner's good time credits were wrongfully forfeited in a prison disciplinary proceeding, *habeas corpus* would be the appropriate method of attacking the proceedings and obtaining the

not challenging his conviction or asserting he should not be in custody.

Accordingly, petitioner must pursue his claims by filing a *Bivens*-type action [3] and paying the filing fee or seeking leave to proceed in *forma pauperis*. However, it is not entirely clear that petitioner could succeed on his due process claim even if he filed the appropriate cause of action. This is so because, "[t]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." *Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).

A prisoner's due process rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484. Relying on *Sandin*, the Fifth Circuit has found that "administrative segregation, without more, simply does not constitute a deprivation of a constitutionally cognizable liberty interest." *Pichardo v. Kinker*, 73 F.3d 612, 613 (5th Cir.1996) (quoting *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995)) (rejecting claim that confinement in administrative segregation violated prisoner's due process rights). The Fifth Circuit has also rejected a prisoner's claim that the additional restrictions imposed on those in administrative segregation violate due process. *See Martin v. Scott*, 156 F.3d 578, 580 (5th Cir.1998) (per curiam) (Absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life of a prisoner, will never be a ground for constitutional claim because it simply does not constitute a deprivation of a constitutionally cognizable liberty interest.).

In other words, when a prisoner is lawfully incarcerated, he loses, by virtue of his

---

restoration of good time credits and thus a speedier release from custody. *See Henson v. U.S. Bureau of Prisons,* 213 F.3d 897, 898 (5th Cir. 2000). However, petitioner is advised, exhaustion of administrative remedies must be accomplished before petitioner files such a petition in the District Court. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). Based upon the facts alleged thus far, it does not appear that petitioner lost any good time credits as a result of the disciplinary proceeding. Further, it does not appear that petitioner completed the three-step administrative remedies process utilized by the BOP.

[3] Since petitioner complains about the deprivation of rights at the hands of federal and not state actors, his cause of action would be authorized by *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403

confinement, many of the rights and privileges that most citizens enjoy. *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). Thus, "... mere changes in the conditions of confinement ... do not implicate due process concerns." *Id* at 768.

Furthermore, petitioner is cautioned that, before he may proceed with such a civil rights complaint alleging Fifth or Eighth Amendment violations, he would be required, pursuant to the provisions of 42 U.S.C. §1997(e), to exhaust the administrative remedies provided by the BOP. Petitioner does not allege that he has done so.

Accordingly, petitioner's claims regarding the conditions of his confinement should be dismissed without prejudice to his ability to pursue such claims by filing the appropriate action. Therefore, **IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Serv. Auto. Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

---

U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

THUS DONE AND SIGNED in Chambers this 26th day of May, 2011.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE